WILLIAM D. COOK
Law Office of William Dennie Cook, P.C.
P.O. Box One
Eagle River, Alaska 99577-0001
Phone: 907-694-1010
Fax: 907-694-2024
E-mail: bill@alaskainjury.law; admin@alaskainjury.law
AK Bar No. 7510062
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

SOPHIE WONHOLA, )
Individually and as Personal )
Representative of the )
Estate of GLORIA WONHOLA, and as )
next friend of the minor children of )
GLORIA WONHOLA, A.W., K.W., J.W. )
and F.W., )
)
)
Plaintiffs, )
)
)
vs. )
) Case No. _____
UNITED STATES OF AMERICA )
)
)
Defendant )
)

## COMPLAINT

COMES NOW Plaintiff, SOPHIE WONHOLA, Individually, and as Personal Representative of the Estate of GLORIA WONHOLA and as next friend of GLORIA's minor children, A.W., F.W., J.W., and K.W., by and through counsel, William D. Cook, and for their cause of action against Defendant UNITED STATES OF AMERICA, allege as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS

### Parties and Jurisdiction

1. On or about July 1, 2017, GLORIA WONHOLA [hereinafter "GLORIA"] died.

2. GLORIA WONHOLA, deceased, was at all times relevant hereto a resident of New Stuyahok, in the Third Judicial District, State of Alaska.

3. GLORIA was the natural mother of four minor children: A.W., born in 2012; K.W., born in 2014; J.W., born in 2015; and F.W., born in 2017.

4. GLORIA and her minor children were/are Alaska Natives.

5. As an Alaska Native, GLORIA qualified for medical treatment at the Kanakanak Hospital [hereinafter "KH"] and at Alaska Native Medical Center [hereinafter "ANMC"] in Anchorage, Alaska.

6. KH is a health-care facility situated in Dillingham, Alaska and operated by Bristol Bay Area Health Corporation.

7. The New Stuyahok Clinic [hereinafter "CHAP"] is a health-care facility situated in New Stuyahok, Alaska and staffed by Community Health Aid Program providers.

8. Plaintiff SOPHIE WONHOLA is an adult, GLORIA's mother, and surviving grandmother of the four surviving minor children, all residing in New Stuyahok, Alaska.

9. Plaintiff SOPHIE WONHOLA possesses sufficient qualifications and interest in order to competently and zealously prosecute the instant action as next-friend of the minor children.

10. Plaintiff SOPHIE WONHOLA petitioned for an estate to be opened on GLORIA's behalf in the Superior Court of the State of Alaska in the Third Judicial District at Dillingham styled *In the Matter of the Estate of Gloria Wonhola,* Case No. 3DI-19-02 PR.

11. Said estate has been opened and SOPHIE WONHOLA has been appointed as its personal representative.

12. SOPHIE WONHOLA is appropriately named as a plaintiff herein, in her representative capacity.

13. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2401, and 2671 et seq., and Alaska law.

14. KH and ANMC are medical facilities providing comprehensive health-care services to Alaska Natives under Title III of the *Indian Self-Determination and Education Assistance Act of 1975* [Public Law 93-638].

15. KH and ANMC, on information and belief, are signatories to the Alaska Tribal Health Compact, and as such receive federal funding under annually negotiated "Annual Funding Agreements" with the Indian Health Service and/or other agencies of defendant United States.

16. Upon information and belief, Dr. WILLIAM CHYTHLOOK is, and at all times pertinent was, a physician either employed by KH or serving as its agent.

17. Upon information and belief, Dr. CLIFFORD SCHNEIDER is and at all times pertinent was, a physician either employed by KH or serving as its agent.

18. Upon information and belief, Dr. DAVID MAGARET is and at all times pertinent was, a physician either employed by KH or serving as its agent.

19. At all times pertinent, Drs. CHYTHLOOK, SCHNEIDER, and MAGARET were acting within the scope of said certification for purposes of AS 08.68.230(f)(4) and within the scope of their affiliation with KH.

20. Each of the employees and entities named above were acting within the scope of his employment and/or agency at the time of the events described herein.

21. On or about March 6, 2019, the claims set forth herein were received by the United States Department of Health and Human Services, Indian Health Services. The claims were not responded to within the prescribed six-month period. The six-month period expired September 6, 2019.

22. Based on the foregoing paragraphs, this Court has jurisdiction over the claims asserted herein.

## General Allegations

23. GLORIA WONHOLA received treatment in the Emergency Department of Kanakanak Hospital on May 26, 2017, with complaints of a fever on and off all day, "head cold," malaise, congestion, clear drainage, bilateral ear pressure, and drainage of itchy watery eyes. She was diagnosed with Seasonal Allergic Rhinitis.

24. On June 1, 2017, GLORIA was admitted to KH with contractions of labor. She gave birth to her daughter during this admission. While in the hospital for the birth of her daughter, GLORIA complained of being hot and sweating. She had documented elevated blood pressures during this hospital admission; she was discharged home on June 2, 2017.

25. GLORIA presented to CHAPS on June 15, 2017 with complaints of coughing which had worsened over the past three days. According to the medical records, a physical examination of GLORIA'S back revealed "+ rhonchi on the left side and mid lobes - retractions." The physical examination of GLORIA'S lungs revealed "+rhonchi on bottom left - retractions." According to the medical records, she was diagnosed with a cold and/or bronchitis, and was prescribed Azithromycin, 250 mgs. for five days.

26. GLORIA returned to CHAPS on June 19, 2017 for follow up of the bronchitis. According to the records, she had been experiencing shortness of breath, fevers, sweating, pain of "6" on a scale of "10." She had taken her last dose of medicine on the previous day and was nebulizing every two hours; she reported that "it helped kind of." The records document she was experiencing wheezing with both expiration and inspiration of her lungs. There was also the presence of crackles in the right and left mid to lower lobes. According to the medical records, GLORIA was to "go into DLG for Pneumonia evaluation and fast heartbeat." The records from June 19, 2017 note "follow up Bronchitis not improving vs pneumonia."

27. The records from Kanakanak Hospital document GLORIA was seen in the Emergency Department and subsequently admitted to the hospital on June 19, 2017 for pneumonia, and started on Levofloxacin. She was also to receive Albuterol via nebulizer every four hours. WILLIAM CHYTHLOOK, M.D., CLIFFORD SCHNEIDER, M.D. and DAVID MAGARET, M.D. all followed GLORIA during this hospital admission. The History and Physical notes that GLORIA presented with "cough, shortness of breath, dyspnea on exertion. Patient reports that for the last 3 weeks she has had increasingly worsening shortness of breath, productive cough and over the last week has noted increased dyspnea on exertion, fevers and chills." GLORIA reported having been given an antibiotic for pneumonia but "she did not get significantly better over the weekend, and continued to have shortness of breath and fever." A chest x-ray taken during the hospital admission notes the size of GLORIA's heart was at the "upper limits of normal and mildly enlarged."

Hospital records document that GLORIA experienced worsening hypoxia, tachycardia and tachypnea. The records reflect that her skin was mottled in appearance, she was short of breath at rest, and had an elevated heart rate of 140. An EKG revealed probable left atrial

00008287.1                                     5

Case 3:20-cv-00053-SLG   Document 1   Filed 03/03/20   Page 5 of 8

enlargement. The medical records document she required oxygen overnight on June 21st to maintain her O2 sats above 90%, despite receiving Albuterol every 4 hours when necessary as well as T3 of Levaquin. GLORIA remained in the hospital until her discharge on June 27, 2017. Her Discharge Diagnoses included Reacquired Pneumonia, Acute Respiratory Failure, Hypoxia and Acute Hepatitis which was medication related due to the Levofloxacin.

28. On June 28, 2017, GLORIA presented to Kanakanak Hospital Outpatient Clinic for follow up of her pneumonia; she was examined by WILLIAM CHYTHLOOK, M.D. According to the medical records, Dr. CHYTHLOOK's assessment for GLORIA was to finish out her medications, and see the Community Health Aide on Friday, for routine follow up.

29. On June 29, 2017 GLORIA became disoriented and was speaking incoherently. She was transported via Critical Care Ambulance to KH. The Air Ambulance Trip Sheet notes GLORIA was given O2 via simple face mask; she had wheezing upon exhalation. She was noted to be tachypneic and hypotensive. According to the records, during transport, she became less responsive and her speech more incoherent. A pre-hospital stroke test revealed GLORIA's pupils were dilated, her face was not symmetrical when attempting to smile, her hand grip was almost non-existent on the right, she was unable to raise her right arm, and she was unable to move her right foot.

30. While in the Emergency Department of KH, a CT scan of GLORIA's head revealed the presence of a large acute left MCA infarct. The left middle cerebral artery appeared dense and was consistent with an acute thrombus. Due to her condition, GLORIA was admitted to ANMC in Anchorage on June 30, 2017 and was provided with comfort measures only. GLORIA died on July 1, 2017. According to the medical records from ANMC, GLORIA had severe peripartum cardiomyopathy with an Ejection Fraction of 10-15%, a moderately dilated

and globally hypokinetic LV, a large mobile thrombus attached to the mid lateral wall that measured 3.5 x 1.9 cm, a moderately dilated RV, RV systolic function that was mild to moderately reduced, and mild MR and TR. The cause of death was listed as an acute stroke. The secondary diagnoses included an LV thrombus and post-partum cardiomyopathy.

31. KH/Bristol Bay Area Health Corporation, under its contract with the U.S. Government, is required to provide quality and reasonable healthcare to its patients, including GLORIA.

32. Prior to May and June of 2017, GLORIA was physically active, having just given birth to her fourth child. As a result of the failure to promptly diagnose and treat GLORIA's peripartum/post-partum cardiomyopathy, and to provide GLORIA with timely anti-coagulation, she suffered a stroke and ultimately lost her life.

33. As outlined below, KH/Bristol Bay Area Health Corporation breached its duty of reasonable care in this matter; its contractors and healthcare providers working at KH were negligent, resulting in the death of GLORIA at 29 years of age.

34. Upon information and belief, all or most of the practitioners and healthcare workers named herein, and those that provided care to GLORIA in June of 2017, and at all times relevant to this Complaint, were employed, agents of, and working for KH/Bristol Bay Area Health Corporation. All or most of such healthcare workers' and practitioners' activities and work arose from employment with an agency of the U.S., or otherwise pursuant to 25 C.F.R. 900.192; and all such persons are eligible for *Federal Tort Claims Act* coverage, pursuant to 28 U.S.C. 2679(d)(1).

35. Due to the failures outlined above, GLORIA lost her life at 29 years of age.

## FIRST CAUSE OF ACTION –
## NEGLIGENCE: MEDICAL MALPRACTICE

36. Plaintiffs realleges and incorporates herein as though they were set out in full, all allegations of the preceding paragraphs, and further alleges as follows:

37. KH/Bristol Bay Area Health Corporation, through its employees, agents and servants, were negligent in their acts and omissions, including, but not limited to failure to perform necessary procedures; failure to provide adequate treatment; failure to act with a reasonable degree of care; failure to timely diagnose; and general failure to act with due care. Such negligence includes failure to operate a competent medical center.

38. As a direct and proximate result of said negligence and recklessness, GLORIA WONHOLA lost her life.

39. Defendant is liable to Plaintiffs for negligence and recklessness herein in excess of the jurisdiction of this court, the exact sum to be proved at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For compensatory damages in their favor against defendant UNITED STATES OF AMERICA, as alleged;
2. For interest, costs, and attorney's fees, legally appropriate; and
3. For such other and further relief as the court deems just and proper.

DATED this 2nd day of March, 2020, at Anchorage, Alaska.

LAW OFFICE OF WILLIAM DENNIE COOK, PC
Attorney for Plaintiffs

WILLIAM D. COOK # 7510062
Attorney for Plaintiff, Sophia WONHOLA